# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. MINCH, | ) | Civil Action No. 2:13-cv-00630 |
| | ) | |
| Plaintiff, | ) | |
| | ) | United States Magistrate Judge |
| v. | ) | Cynthia Reed Eddy |
| | ) | |
| VALERIE ABBOTT, former Director, | ) | |
| Allegheny Correctional Health Services, | ) | |
| and ORLANDO HARPER, Warden of | ) | |
| Allegheny County Jail, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending are the following: the Motion to Dismiss filed by Defendant Harper, Warden of Allegheny County Jail, with brief in support, the Motion to Dismiss filed by Defendant Valerie Abbott, former Director, Allegheny Correctional Health Services, with brief in support (ECF Nos. 28, 29, 30 and 31), the Response in Opposition to the Motions to Dismiss filed by Plaintiff, John D. Minch (ECF Nos. 32 and 33), and the Reply filed by Defendant Harper (ECF No. 35). For the reasons that follow, the Motion to Dismiss filed by Defendant Harper will be granted and the motion to dismiss filed by Defendant Abbott will be denied.[1]

### FACTUAL BACKGROUND

Plaintiff, John D. Minch, is a state prisoner currently incarcerated at SCI Camp Hill. Plaintiff initiated this action on May 6, 2013, by the filing of a motion to proceed *in forma pauperis*. (ECF No. 1). By Order entered on May 15, 2013, the case was dismissed without prejudice as Plaintiff had not submitted a copy of his trust fund account statement. (ECF No. 2). On May 31, 2013, Plaintiff resubmitted a motion for leave to proceed *in forma pauperis* and to

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 22, 23, and 25.

reopen the case, but the motion was denied as Plaintiff again failed to submit the proper paperwork as required by 28 USC § 1915(a)(2). (ECF No. 3).

On July 2, 2013, Plaintiff filed a third motion to proceed *in forma pauperis*, this time accompanied by the proper paperwork. (ECF Nos. 5 and 6). The case was reopened, the motion to proceed *in forma pauperis* was granted, and the complaint was filed.

On October 25, 2013, Plaintiff filed an Amended Complaint, which remains the operative complaint. (ECF No. 27). Named as Defendants are Valerie Abbott, the former Director of Allegheny Correctional Health Services ("ACHS"),[2] and Orlando Harper, the Warden of Allegheny County Jail ("ACJ").

According to the Amended Complaint, from June 2011 until October 2013, Plaintiff had been in "severe, near constant pain" as a result of "broken teeth cutting into [his] gums." Complaint at 5. Plaintiff repeatedly requested to be seen by a dentist, but his request was refused "presumably as a cost-saving measure." *Id*.

On February 6, 2013, Plaintiff wrote an Inmate's Request to Staff Member[3] in which he states that (i) he has been asking for dental care for over two years, (ii) he has been informed by the medical staff that he "will not be receiving the care [he] needs," and (iii) "if dental care is not available in-house I need to be taken to an outside facility." On February 7, 2013, Major Mikulan, the ACJ grievance officer, forwarded Plaintiff's complaint to the Medical Department. In response, on February 11, 2013, Defendant Abbott replied as follows:

---

[2] In her Brief in Support of Motion to Dismiss, Defendant Abbott asserts that she "was not the Director of either ACHD or ACHS." (ECF No. 29 at 3, n. 5). Attached to the Amended Complaint, however, is a memorandum written by "Valerie Abbott, Director, ACHD." (Amended Complaint, Exhibit 2) (emphasis added).

[3] Plaintiff indicates that he used the Request Slip as a "Grievance Form" and that the Request Slip was treated as Complaint / Grievance #02-13. *See* Exh. 2 and 3 to Amended Complaint.

> Mr. Minch Minch (sic) 124968, who is complaining of teeth pain, has been seen several times in the last week or so. He is already on Naprosyn and Neurontin for pain but he says he wants something else. He needs to be on antibiotics but has refused them. He is on the list to be seen by dental. Taking the antibiotics as prescribed along with the pain medication should alleviate most of Mr. Minch's problem until he can be seen by a dentist.

Amended Complaint, Exh. 2.

According to the Amended Complaint, Plaintiff contends that although Defendant Abbott reported he was "on the list to be seen by dental," he was not seen until October 2013 by a new medical provider and that he "was not on any list until [he] filed another request in September." Amended Complaint at 3. Further, Plaintiff contends that he was not seen "several times" as Defendant Abbott reported, but rather was seen only one time by the Triage Nurse and that was after he had requested to be seen by a dentist. Resp. at 2 (ECF No. 32). Plaintiff acknowledges he was prescribed Naprosyn and Neurontin for pain, but he states that neither are appropriate for severe pain. Amended Complaint, at 5.

On March 31, 2013, Plaintiff wrote the following letter to Defendant Harper, the Warden of ACJ:

> I have already made a grievance report to Major Mikulan on February 06 regarding the refusal of the medical staff to provide necessary dental care. The grievance # is 02-13. I have still not been seen by a dentist. Further, Valerie Abbott has given fake information claiming I was "seen several times" when I was only seen once. If I do not receive care I intend to file a Federal lawsuit. If I need to bring this grievance to a higher authority than you, please inform me of such. The law library on 8D is broken and I have no access to the Inmate Handbook, if such information exists there.

Amended Complaint, Exh. 3. According to the Amended Complaint, Plaintiff received no response from the Warden to his letter.

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs by refusing medical / dental care. He seeks monetary compensation for "real" and punitive damages and completion of all necessary dental work. (Amended Complaint at 3).

Defendants have each filed a Motion to Dismiss, with brief in support, in which they seek to have Plaintiff's claims against them dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter has been fully briefed and is ripe for disposition.

STANDARD OF REVIEW

1. *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district

4

court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

2.      *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the

process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

A.      Claims Against Defendant Harper

Plaintiff's claims against Defendant Harper are stated in one paragraph of the Amended

Complaint:

> Orlando Harper, Warden of Allegheny County Jail, is responsible for the welfare of inmates.  He allowed the situation to continue even after I wrote to him complaining of my plight.  He is ultimately responsible for what occurs in this jail.  He showed deliberate indifference by not responding to my complaint and through his subordinates inflicted cruel and unusual punishment upon me.

Amended Complaint at 6.

The Court finds that Plaintiff's claims against Defendant Harper are facially deficient for

a number of reasons.  First, to the extent Plaintiff is complaining that Defendant Harper did not

respond to his grievance, Plaintiff had no constitutional right to any response from Defendant

Harper at all.  The Fourteenth Amendment does not guarantee inmates a right to an investigation

or a response from prison officials as to administrative grievances (or to any replies by prison

officials to inmates' other complaints or demands of a grievance nature).  *See, e.g., Wilson v.*

*Horn*, 971 F. Supp. 943, 947 (E.D.Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998); *McGuire v.*

*Forr*, 1996 WL 131130 (E.D.Pa. Mar. 21, 1996), *aff'd*, 101 F.3d 691 (3d Cir. 1996).

Furthermore, if construed as a First Amendment allegation, rather than a Fourteenth

Amendment one, an assertion that an official failed to respond to an inmate's grievance also fails

to state a cognizable claim.  *See Minnesota State Bd. for Community Colleges v. Knight*, 465

U.S. 271, 285 (1984).  "Nothing in the First Amendment or in . . . case law interpreting it

suggests that the rights to speak, associate, and petition require government policymakers to

listen or respond to individuals communications."  *Id.; see also Foraker v. California*, 501 F.3d

231, 237 (3d Cir. 2007).

If construed as an Eighth Amendment allegation, "[c]orrectional defendant - administrators who are not themselves physicians cannot 'be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Davis v. Thomas,* -- F. App'x --, 2014 WL 905588 at \*4 (3d Cir. Mar. 10, 2014) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)). As explained by our court of appeals, "[i]f a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "If the non-medical prison official has no <u>actual knowledge</u> that prison doctors are mistreating a prisoner, he or she "will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* (emphasis added). *See also Rodriguez v. Sec'y Pa. Dep't Corr*., 441 F. App'x 919, 923 (3d Cir. 2011) (finding that the defendants' decisions and responses to a prisoner's complaints were based upon medical records and did not constitute deliberate indifference); *see also, Durmer*, 991 F.2d at 69 (where a plaintiff was receiving care from prison doctor, no deliberate indifference existed simply because of the plaintiff's disagreements or medical complaints with his care and the defendant's failure to respond directly to them).

Deficient prison policies or system deficiencies, however, can be the basis for a claim of deliberate indifference with regard to allegedly inadequate medical treatment. *See Pierce,* 621 F.2d at 763 (recognizing that "systemic deficiencies in staffing which effectively deny inmates access to qualified medical personnel for diagnosis and treatment of serious health problems have been held to violate constitutional requirements.") A four-part test is utilized to determine whether a supervisor can potentially be held liable based on prison "policies or practices."

*Sharpe v. Medina*, 450 F. App'x 109, 112- 13 (3d Cir. 2011).  Specifically, a showing must be made that:

> (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).   It is the prisoner's burden to demonstrate a deliberate indifference in a prison's policymaking.  *Id*. at 133.  Moreover, as our court of appeals as explained,

> using circumstantial evidence to prove deliberate indifference requires more than evidence than the defendants <u>should have</u> recognized the excessive risk and responded to it; it requires evidence that the defendant <u>must have</u> recognized the excessive risk and ignored it.

*Id*. at 138 (emphasis added).

The Court finds that the bald and conclusory allegation of the Amended Complaint does not support Plaintiff's claim that Defendant Harper was deliberately indifferent to his medical needs.   The allegations of the Amended Complaint do not reflect that Defendant Harper's involvement in the matter consisted of anything more than reviewing Plaintiff's grievance.  Plaintiff does not allege that Defendant Harper personally chose to deny or delay treatment, that Defendant Harper made decisions to deny or delay Plaintiff's treatment, or that he was in any way personally responsible for the delay or denial.   Moreover, Plaintiff has failed to state a claim because he does not allege that ACJ had a policy or custom which caused a constitutional violation.  According, the Motion to Dismiss filed by Defendant Harper will be granted.

Given that the Court has already provided Plaintiff with an opportunity to amend, (See ECF No. 24), the Court is not required to provide him with further leave to amend as further amendment would be futile. *Shelley v. Patrick,* 481 F. App'x 34, 36 (3d Cir. 2012).

B.      Claims Against Defendant Abbott

Defendant Abbott contends that because there are no facts asserted in the Amended Complaint to show that Plaintiff either had a serious medical need or that any needed treatment was delayed or denied, a viable Eighth Amendment claim has not been asserted.

In accordance with the Eighth Amendment's prohibition against cruel and unusual punishment, the government is obliged "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). [4] "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Id*. at 104 (citation omitted). "[W]hether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed . . . deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id*. at 104–05 (citations omitted).

A medical need is "serious" if "it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the

---

[4] At the time Plaintiff initiated this lawsuit he was a pretrial detainee. However, his status changed to that of a convicted prisoner on February 13, 2014, when he was sentence. *See* http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-02-CR-0008111-2009. For purposes of ruling on the instant motions, however, the legal analysis is the same whether Plaintiff was a pretrial detainee or a convicted person. The United States Court of Appeals for the Third Circuit has indicated that a pretrial detainee's right to adequate medical care should be analyzed under the well-settled standard established in *Estelle v. Gamble*, 429 U.S. 97 (1976), which provides that prison officials are required "to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle,* 429 U.S. 97 (1976)). "It would be anomalous to afford a pretrial detainee less constitutional protection than one who has been convicted*." Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1079-80 (3d Cir. 1976). Thus, at a minimum, the "deliberate indifference" standard of *Estelle* must be met. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).

necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation omitted). "The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment." Id.

The "deliberate indifference" a plaintiff must allege lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other" and is frequently equated with recklessness as that term is defined in criminal law. *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994). This standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients." *Inmates of Allegheny Cnty. Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir. 1979). Where a prisoner has received medical care and only the adequacy of the treatment is disputed, courts are often reluctant to second guess professional medical judgment. *See id.*

However, deliberate indifference can be manifested by an intentional refusal to provide care, delayed medical treatment, and the denial of prescribed medical treatment. *See Durmer,* 991 F.2d at 64; *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) ("Deliberate indifference may be shown by intentionally denying or delaying medical care.").

The Court will assume, solely for purposes of this Opinion only, that Plaintiff has a serious medical need.[5] It is well established that an inmate does not have a constitutional right to see a doctor on demand or the doctor of his choice. Nor is an inmate entitled to a particular course of treatment or to have particular tests performed. *Jetter v. Beard,* 130 F. App'x 523, 526 (3d Cir. 2005), *cert. denied*, 546 U.S. 985 (noting that while plaintiff would have preferred a different course of treatment, his preference does not establish an Eighth Amendment cause of

---

[5]     *See Board v Farnham*, 394 F.3d 469, 480 (7th Cir. 2005) ("a number of other courts have also held that dental pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need.").

action). Moreover, the United States Court of Appeals for the Third Circuit has held that, under the deliberate indifference standard, prison medical authorities have "considerable latitude" in exercising judgment in the diagnosis and treatment of inmate patients and courts should "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment which remains a question of sound professional judgment." *Carter v. Smith*, 2012 WE 1864006 at \*1 (3d Cir. May 23, 2012) (quoting *Pierce*, 612 F.2d at 762).

The timeline regarding Plaintiff's dental issue is important. Viewing the allegations of the Amended Complaint in the light most favorable to Plaintiff, as the Court must do at this early stage of the litigation, Plaintiff did not see a dentist until two years after he began complaining of dental pain. During this time, he was seen only once by a triage nurse and was prescribed Naprosyn and Neurontin for pain.

While a close case, the Court finds that, in light of Plaintiff's *pro se* status and, giving him the benefit of all reasonable inferences, the Amended Complaint adequately alleges that Defendant Abbott deliberately denied or delayed Plaintiff's dental treatment.

The Court recognizes that discovery may well reveal that the alleged conduct of Defendant Abbott does not give rise to a deliberate indifference claim, but at this early stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor. Hence, Plaintiff's deliberate indifference claim against Defendant Abbott survives the Motion to Dismiss.

CONCLUSION

For all the foregoing reasons, the Motions to Dismiss filed by Defendant Harper will be granted and the Motion to Dismiss filed by Defendant Abbott denied.

**ORDER**

**AND NOW**, this 25th day of April, 2014,

It is hereby **ORDERED** that the Motion to Dismiss filed by Defendant Orlando Harper is **GRANTED** in its entirety, and Plaintiff's claims against him are dismissed with prejudice as a matter of law.

It is hereby **FURTHER ORDERED** that the Motion to Dismiss filed by Defendant Valerie Abbott is **DENIED.** In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Defendant Abbott shall file a responsive pleading on or before **May 9, 2014.**

*s/ Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc.    John D. Minch
        LK-7954
        SCI Camp Hill
        P.O. Box 200
        Camp Hill, PA 17001

        Lee M. Dellecker
        Allegheny County Law Department
        Email: Lee.Dellecker@AlleghenyCounty.US

        Virginia Spencer Scott
        Allegheny County Law Department
        Email: Virginia.Scott@Allegheny County.US

        Stanley A. Winikoff
        Dell, Moser, Lane & Loughery, LLC
        Email: swinikoff@winikofflaw.com

13